[No. B085198. Second Dist., Div. Three. Jan. 5, 1995.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SARA MAE CORNELIUS, Real Party in Interest.

344

COUNSEL

Gil Garcetti, District Attorney, Diana L. Summerhayes and Otis L. Hubbard, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Jeffrey M. Shalmi for Real Party in Interest.

OPINION

**KLEIN, P. J.**—The People of the State of California seek a writ of prohibition, which we have deemed a petition for a writ of mandate, directing respondent Superior Court of the State of California, for the County of Los Angeles, (1) to set aside its order of May 6, 1994, by which it vacated a state prison sentence pronounced on June 4, 1991, and granted probation to real party in interest, Sara Mae Cornelius, and (2) to remand Cornelius to the custody of the Department of Corrections for service of the term imposed.

Because the trial court lacked jurisdiction on May 6, 1994, to modify the judgment pronounced on June 4, 1991, the petition is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 1991, Cornelius was convicted after court trial of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1]

On June 4, 1991, the trial court sentenced Cornelius to serve a term of two years in state prison, ordered her remanded into custody forthwith, exonerated the bail she previously had posted and set bail on appeal in the amount of $10,000. That same day Cornelius posted a bond securing the bail on appeal.

This court affirmed the judgment in full in an unpublished opinion filed July 6, 1993. (B060659). On September 14, 1993, remittitur was filed in the superior court.

On November 8, 1993, Cornelius filed a motion for reduction of the sentence on the grounds, inter alia, she was "clinically hypertensive and recovering from surgery on her reproductive organs at the time of the incident."

---

[1] All subsequent statutory references are to the Penal Code, unless otherwise specified.

The People resisted the motion on the ground the trial court lacked jurisdiction to modify the sentence imposed in that the 120-day statutory period for recalling the sentence had expired. (§ 1170, subd. (d).)[2]

Cornelius responded application of the 120-day limit would be "unfair" in the circumstances of this case.

In a supplemental brief, Cornelius asserted the trial court retained jurisdiction under *People* v. *Karaman* (1992) 4 Cal.4th 335, 339 [14 Cal.Rptr.2d 801, 842 P.2d 100], to modify the sentence imposed at any time prior to execution of the sentence. Cornelius argued the fact that she had not been remanded into actual custody after sentencing caused the trial court to retain jurisdiction.

Cornelius filed an answer to the petition for writ on July 25, 1994, in which she asserted she "did not serve any part of the prison sentence" imposed in this case. Based thereon, Cornelius claimed the trial court retained actual or constructive custody over her, and execution of sentence had not commenced in that she was never physically handed over to the custody of the Department of Corrections. She concluded the trial court thus retained jurisdiction to modify the sentence imposed after issuance of the remitittur.

In their reply brief, the People assert commitment to state prison does not depend on actual physical custody and the trial court's forthwith commitment order at the time of sentencing on June 4, 1991, commenced the running of the 120-day statutory period.

On August 14, 1994, this court issued an alternative writ directing the trial court to vacate its order of May 6, 1994, and thereafter make a new and different order, or show cause why a peremptory writ of mandate should not issue.

### CONTENTS

■ The People contend the trial court's modification of the sentence previously imposed exceeded its jurisdiction.

---

[2]Section 1170, subdivision (d) states: "When a defendant subject to this section or subdivision (d) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

## Discussion

*The trial court's order modifying the sentence must be set aside.*

a. *Karaman sets parameters.*

The resolution of the issue herein is controlled by *Karaman, supra,* 4 Cal.4th 335. In *Karaman,* the trial court pronounced sentence at the probation and sentencing hearing and granted the defendant a one-week stay of execution. On the one-week date, the trial court modified the term imposed by striking a personal use of a firearm allegation.

The People appealed contending, inter alia, the trial court had no jurisdiction to modify the sentence after the clerk had entered the judgment in the minutes. The Court of Appeal agreed with the People. However, the Supreme Court concluded the trial court retained jurisdiction to modify the sentence by imposing a lesser term at any time prior to execution of the sentence. The stay of execution thus extended the trial court's jurisdiction.

In reaching this conclusion, the Supreme Court reviewed general principles that directly apply here. ▪ *Karaman* noted that at common law, the court was deprived of jurisdiction over a criminal defendant "once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant. [Citation.] If, however, the trial court 'retains in itself the actual or constructive custody of the defendant and the execution of . . . sentence has not begun,' the court may vacate and modify the sentence. [Citations.]" (*People* v. *Karaman, supra,* 4 Cal.4th at p. 344.)

"In a criminal case, the execution of a judgment of conviction is the process of carrying the judgment into effect. [Citation.] [Fn. omitted.]" (*People* v. *Karaman, supra,* 4 Cal.4th at p. 344.)

*Karaman,* quoting *People* v. *Banks* (1959) 53 Cal.2d 370, 384 [1 Cal.Rptr. 669, 348 P.2d 102], noted: " 'The critical requirement for control over the defendant and the res of the action is that the court shall not have surrendered its jurisdiction in the premises *by committing and delivering the defendant to the prison authority.*' [Citation.]" (*People* v. *Karaman, supra,* 4 Cal.4th at p. 345.)

▪ Here, Cornelius was remanded "forthwith" upon imposition of sentence. Although she posted bail on appeal that same day and filed a notice of appeal, the trial court already had remanded her to the custody of the prison authority.

The fact that she served no time in prison and physically was not delivered to the custody of the Department of Corrections is not determinative. The controlling fact is the trial court's surrender of its jurisdiction to the prison authorities. This was accomplished when the trial court remanded Cornelius forthwith to the Department of Corrections.

Cornelius's reliance on the reference in *Banks* to "delivering the defendant to the prison authority" (*People* v. *Banks, supra,* 53 Cal.2d at p. 384) seeks to interpret that phrase too literally. It is the relinquishing of custody of the defendant, not the actual physical delivery, that controls. Thus, under the common law rule, the trial court lost jurisdiction over Cornelius when it remanded her into custody for service of the prison term imposed.

b. *The trial court's jurisdiction over the sentence imposed is extended statutorily by section 1170, subdivision (d).*

 Notwithstanding the common law rule discussed *ante,* statutorily the jurisdiction of the trial court to mitigate the sentence imposed is extended an additional 120 days by section 1170, subdivision (d). (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 455 [279 Cal.Rptr. 834, 807 P.2d 1063].)

 Here, that period expired prior to the instant order. As the pendency of the appeal does not toll this 120-day period (*People* v. *Lockridge* (1993) 12 Cal.App.4th 1752, 1757 [16 Cal.Rptr.2d 340]; *People* v. *Turner* (1993) 15 Cal.App.4th 1690, 1695 [19 Cal.Rptr.2d 736]; *Portillo* v. *Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1836 [13 Cal.Rptr.2d 709]), it expired before entry of the order of May 6, 1994.

Accordingly, the trial court's attempt to modify the judgment in this case was untimely.[3]

CONCLUSION

The trial court's jurisdiction to modify Cornelius's term of imprisonment on its own motion expired 120 days after the trial court committed her to the custody of the Director of Corrections. The order under review therefore must be set aside.

[3]We note that where the court grants bail on appeal, as here, section 1310 carves out another exception to the common law rule by conferring jurisdiction in the trial court to direct the arrest of the defendant for various reasons, including failure to appear.

## DISPOSITION

The alternative writ heretofore issued is recalled. The petition is granted. The trial court is directed to vacate its order of May 6, 1994, and remand Cornelius to the custody of the Department of Corrections.

Kitching, J., and Collins, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.