Filed 6/21/16  P. v. Lougin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LOUGIN,<br><br>　　　　Defendant and Appellant. | A146388<br><br>(Alameda County<br>Super. Ct. No. C172992) |

Defendant Michael Lougin appeals following the denial of his motion to reduce a restitution fine.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We conclude there are no issues requiring further review and affirm.

Lougin was charged with two counts of sexual acts with a child 10 years old or younger in violation of Penal Code section 288.7 with special allegations as violent felonies and an allegation of a prior felony.  In accord with a negotiated disposition, Lougin entered no contest pleas to a single count of oral copulation by force in violation of section 288a, and sexual penetration by foreign object in violation of section 289.  All other counts and enhancements were dismissed.

On January 6, 2014, in accord with the plea agreement, Lougin was sentenced to two consecutive six-year prison terms.  He was awarded 353 days pre-sentence credits.  Among other fees and fines, he was ordered to pay a $5,000 restitution fine.

1

On August 6, 2015, Lougin filed a petition to reduce or vacate the restitution fine on the grounds that the trial court did not consider his ability to pay the fine imposed. The court denied the petition for lack of jurisdiction because Lougin's criminal proceedings were concluded and the judgment was final. Lougin appealed.

When the fine was imposed at Lougin's sentencing on January 6, 2014, he was represented by counsel and made no objection. Thereafter, the judgment became final without appeal, and the court correctly concluded it had no jurisdiction to entertain Lougin's petition filed more than 120 days after sentencing. (Pen. Code, § 1170 (d); *People v. Superior Court* (*Cornelius*) (1995) 31 Cal.App.4th 343, 348.)

Lougin's counsel has represented that he advised Lougin of his intention to file a *Wende* brief in this case and of Lougin's right to submit supplemental written argument on his own behalf. He has not done so. Lougin has also been advised of his right to request that counsel be relieved.

Our full review of the record reveals no issue that requires further briefing.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Pollak, J.

2