Filed 8/1/16  P. v. Vasquez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELEAZAR VAZQUEZ,<br><br>    Defendant and Appellant. | A147848<br><br>(Alameda County<br>Super. Ct. No. H55850) |

Defendant  Eleazar Vazquez appeals following the denial of his motion to reduce a restitution fine.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We conclude no issues require further review and affirm.

Vazquez was charged with one count of sexual acts with a child 10 years old or younger in violation of Penal Code section 288.7[1] with special allegations as a serious and violent felony, and two counts of continuous sexual abuse in violation of section 288.5, also alleged as a serious and violent felony.  In accord with a negotiated disposition, Vazquez entered a no contest plea to a single count of a lewd act upon a child under the age of fourteen in violation of section 288, subdivision (a).  All other counts and enhancements were dismissed, and Vazquez agreed to take no appeal from the judgment.

---

[1] Further statutory references are to the Penal Code.

On July 2, 2014, in accord with the plea agreement, Vazquez was sentenced to the upper prison term of eight years. He was also ordered to pay a $2,400 restitution fine. Vazquez was represented by counsel, and the record does not contain any objection to the restitution fine.

On May 18, 2015, Vazquez filed a petition to reduce or vacate the restitution fine on the grounds that the trial court did not consider his ability to pay the fine imposed. The court construed the petition as one for a writ of habeas corpus, and denied relief on the basis that Vazquez failed to pursue relief from the restitution fine in a direct appeal from the judgment.

On January 15, 2016, Vazquez again moved the superior court for reduction of the restitution fine. The motion was denied for lack of jurisdiction because Vazquez's criminal proceedings were concluded and the judgment was final. Vazquez appealed.

When the fine was imposed at sentencing on July 2, 2014, Vazquez was represented by counsel and made no objection. Thereafter, the judgment became final without appeal, and the court correctly concluded it had no jurisdiction to entertain Vazquez's petition filed more than 120 days after sentencing. (Pen.Code, § 1170(d); *People v. Superior Court* (*Cornelius* ) (1995) 31 Cal.App.4th 343, 348.)

Vazquez's counsel has represented that he advised Vazquez of his intention to file a *Wende* brief in this case and of Vazquez's right to submit supplemental written argument on his own behalf. He has not done so. Vazquez has also been advised of his right to request that counsel be relieved.

Our full review of the record reveals no issue that requires further briefing.

## DISPOSITION

The order is affirmed.

2

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.