[No. D019455. Fourth Dist., Div. One. Feb. 10, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNESTO DIAZ COLADO, Defendant and Appellant.

**COUNSEL**

Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Warren Robinson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NARES, J.**—Ernesto Diaz Colado appeals following revocation of his probation in case Nos. CR127310 and CR130618. We affirm.

### BACKGROUND

The facts are undisputed. Colado was, in case No. CR127310, convicted of possessing heroin for sale. While on probation from that offense he was,

in case No. CR130618, again convicted of sale of heroin, this time while armed with a firearm.

Although sentenced to the five-year upper term with a four-year weapons enhancement in No. CR130618, Colado received probation again in those matters. In case No. CR139920 Colado was again convicted of drug and firearms offenses. He was sentenced in No. CR139920, and his probation was revoked in Nos. CR127310 and CR130618.

The three drug cases were ordered to run concurrently. The nine-year term in No. CR130618 is the longest sentence. Colado now asserts the revoking judge had the power at the time of revocation to modify the earlier imposed sentence. We disagree, and affirm the judgment.

## DISCUSSION

Colado asserts the sentencing judge had authority to modify the previously imposed but stayed, and unappealed, sentence in No. CR130618. In sentencing in No. CR139920, the judge said, "I frankly think I would have given the mid term in this matter [No. CR139920], which we can discuss, but in light of the 9 year suspended sentence, which I feel compelled to impose on the underlying matter [No. CR130618], I think it would be academic anyway."

It would indeed have been academic. Colado did not appeal from the nine-year sentence imposed but not executed in No. CR130618. His subsequent conviction of sale of cocaine base necessitated the revocation of probation in No. CR130618, and because his earlier imposed sentence had long since become final, as was pointed out in *People* v. *Chagolla* (1984) 151 Cal.App.3d 1045, 1049 [199 Cal.Rptr. 181], "the original sentence of [nine] years became a final judgment as neither [Colado] nor the People appealed therefrom. The trial court was without jurisdiction to modify or change the final judgment and is required to order into execution that judgment after revocation of probation."

Colado asserts that *People* v. *Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100], is inconsistent with *Chagolla*, arguing that language in *Karaman* that "at any time prior to the execution of the sentence" a trial court may modify such a sentence (*id.* at p. 352) permits a judge revoking probation to impose a new and lesser sentence than originally imposed. Not so.

*Karaman* had nothing to do with a grant of probation and a later revocation, but rather with the mechanics of a short stay of execution of an imposed commitment to state prison, and the time at which jurisdiction to modify such an imposed sentence is lost. *Karaman* has nothing to do with this matter or the circumstances before us.

Counsel for Colado attempts to read *Karaman* so as to redefine the term "final" for purposes of modification of a sentence, arguing that here the Attorney General "does not describe in what sense this judgment was final while that in *Karaman* is not. There is no valid distinction."

Simply put, in this case, the imposed sentence was "final" in the ordinary sense when the time for appeal had passed, as was observed in *People* v. *Chagolla, supra,* 151 Cal.App.3d 1045. Furthermore, the trial court's *jurisdiction* to modify the sentence *expired,* and the sentence was thus "final" in yet another sense, not upon the passing of the time for appeal, but when the sentence was pronounced and then entered into the court's minutes.

As pointed out in *People* v. *Karaman, supra,* 4 Cal.4th at page 351, footnote 17, in contrast to the court's retained power to modify a commitment to state prison, "[w]ith respect to the need for finality, retention of the minute-entry rule is appropriate in cases in which the original sentence consists of a fine only [citations] and thus some act is required to fix the point of expiration of the trial court's jurisdiction to modify the sentence."

 While *Karaman* does not explicitly address the precise procedural situation here (neither a present commitment to state prison nor a fine only, but a grant of probation), we believe the "minute-entry rule" remains the "appropriate . . . act . . . to fix the point of expiration of the trial court's jurisdiction to modify the sentence."

 As *Karaman* has no application herein, contrary to the contentions of Colado, we reach the same result as the court in *People* v. *Chagolla, supra,* 151 Cal.App.3d 1045, although under a somewhat different analysis. The court which determined Colado's probation should be revoked was without power to impose any different sentence than the valid[1] sentence which had been originally imposed, and which became final as to the trial court's power to modify upon entry into the minute book, and thereafter

---

[1] An invalid sentence, of course, may be vacated and a proper sentence imposed at any time the error is brought to the attention of either a trial or a reviewing court. (*People* v. *Chagolla, supra,* 151 Cal.App.3d at p. 1049.)

became final for all purposes upon expiration of the time to file a notice of appeal from the judgment.

## DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Benke, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 10, 1995.