[Crim. No. 14544. Fourth Dist., Div. Two. Nov. 3, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY MYERS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*See *post*, page 701.

**COUNSEL**

Miles Stern, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, A. Wells Petersen and Josephine A. Kiernan, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

TIMLIN, J.*—Defendant was convicted by a jury of committing a battery upon a nonprisoner while defendant was confined in state prison. (Pen. Code, § 4501.5.) He was sentenced to the aggravated term of four years in state prison. Defendant has appealed from the conviction and sentence.

### Issues

Defendant's various contentions raise the following four issues on appeal:

(A) Did his counsel's not proposing to stipulate to the length of defendant's custody in state prison or not requesting *in limine* that evidence of such be excluded constitute ineffective assistance of counsel?

(B) Did the district attorney's reference to the length of defendant's state prison term in the presence of the jury constitute prejudicial prosecutorial misconduct?

(C) Did the court err in not determining the defendant's mental competency to understand the nature of the proceedings?

(D) Did the court fail to exercise its discretion in sentencing defendant to the upper base term?

Only contention (D) has merit and is appropriate for discussion in a published opinion. Accordingly contentions (A) through (C) and the facts and arguments pertaining to those contentions are covered in an appendix which we have certified for nonpublication.

### Facts re Sentencing

During the sentencing proceedings, apparently in the course of determining the base term, the court indicated it felt the aggravating circumstances outweighed the mitigating circumstances. Then it asked the district attorney if he wished to make any comments. The district attorney did offer certain remarks including ". . . not only do the aggravating circumstances out-

---

*Assigned by the Chairperson of the Judicial Council.

weigh the mitigating circumstances, but that the probation recommendation ought to be followed and the aggravating circumstances ought to control. He ought to be sent to the State Prison for the aggravated term."

The court then responded: "Well, Mr. Cardinal, [the deputy district attorney] *if the aggravating circumstances outweigh the mitigating circumstances, the law says I have to send him*—I thought for a minute there that you were going to come up with some enhanced sentence." (Italics added.)

The court then formally sentenced the defendant, stating:

"All right. Mr. Myers, it is the judgment and sentence of this Court that for the offense of Battery by a Prisoner, in violation of Penal Code Section 4501.5, a felony, you are now sentenced to the California State Prison for the aggravated term of four years, and I think I have pretty well articulated that previously, the grounds for selecting the aggravated term, but I will articulate them again.

"I have found that there are mitigating circumstances, as well as aggravating circumstances, and those are, on the mitigating side, the manner in which the offensive conduct was generated—Unusual—unusual set of circumstances. Perhaps even provoked by a guard's conduct to some extent, and then it got out of hand.

"However, the aggravating circumstances clearly outweigh the mitigating circumstances, and those are that he went to State Prison for assaultive conduct, and further that when this battery—before ended, the Defendant had choked the guard into insensibility.

"Those are the reasons for the aggravated term."

### DISCUSSION: SENTENCING ERROR

 Defendant contends he was improperly sentenced because the court believed it was required by law to impose the upper term of four years as evidenced by its comment, "if the aggravating circumstances outweigh the mitigating circumstances, the law says I have to send him—. . . ."

It is not entirely clear the trial court, in making this ambiguous comment, was in fact indicating an understanding the law required imposition of the upper term of imprisonment without consideration of the middle or lower terms. The comment might be construed to mean the court thought it was required by law to send defendant to prison.[1] The phrase "to send"

---

[1]The record demonstrates that at the time of these sentencing proceedings defendant was not imprisoned.

implies delivering some thing or person to a particular location. In the context of sentencing proceedings it usually refers to a place of incarceration. In this case the place would be prison since the defendant was convicted of a felony. This interpretation, however, is doubtful, because the court made the statement while apparently considering the proper base term to be imposed and because later the court assumed defendant was statutorily eligible for probation and that it was not obliged to commit him to prison, although it did, of course, deny probation.

Moreover, the People in their brief concede the court's comment "does imply the court's belief that once it made a finding the aggravating factors outweighed the mitigating factors, appellant must go to prison for the upper term." The People assert, however, the court's comment represents an accurate statement of the law. ▮▮▮ Our review of the entire conversation between the court and the district attorney and the surrounding circumstances causes us to agree with the People that the court's remark most probably meant it thought it was required by law to impose the upper term. We do not, however, agree with the People that the court's comment embodies a correct statement of the law.

Section 1170, subdivision (b) of the Penal Code provides in part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible prison terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime."

The Judicial Council, in adopting rules of court to implement the determinate sentencing law (DSL), adopted rule 439, which is entitled "Selection of base term of imprisonment." Subdivision (d) of that rule before its amendment in 1977 provided: "A finding that some or all of the alleged circumstances in aggravation are true does not require that the upper term be imposed, . . . if on consideration of the entire record the sentencing judge finds that a different result is appropriate."

In 1977 rule 439 was substantially amended and its present subdivision (b) reads in part: "Selection of the upper term is justified only if, considering the entire record of the case, . . . circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation. . . ."

The Advisory Committee comment on rule 439 as amended states that the DSL ". . . authorizes the court to select any of the three possible prison terms even though neither party has requested a deviation from the middle term by formal motion or informal argument. Section 1170(b) retains the requirement, however, that the middle term be selected unless there are

circumstances in aggravation or mitigation of the crime, and requires that the court set forth on the record the facts and reasons for imposing the upper or lower term.

"Thus, the sentencing judge has authority to impose the upper or lower term on his own initiative, if circumstances justifying that choice appear upon an evaluation of the record as a whole."

The word "select" is defined in Webster's Third New International Dictionary (1966) as a transitory verb which means "to choose from a number or group. . . ."

We are persuaded by the language of rule 439, as amended, and by the Advisory Committee comment that the statutory scheme of section 1170, subdivision (b), as implemented by rule 439, leaves to the lower court a choice to be made in the exercise of its discretion as to whether, even after weighing the aggravating circumstances against the mitigating circumstances and determining the aggravating circumstances preponderate, it will impose the upper or middle term as the base term. The statute does not mandate a selection by the court of either of those terms under any particular circumstances, but mandates only selection of the middle term in the absence of aggravating or mitigating circumstances.

Thus the court did have the choice of imposing an upper term or middle term. It would not have been justified in selecting the lower term because it had found the aggravating circumstances outweighed the mitigating circumstances and the last sentence of rule 439, subdivision (b) reads: "Selection of the lower term is justified only if . . . circumstances in mitigation are established by a preponderance of the evidence and outweigh circumstances in aggravation."

Although the court, after concluding its responses to the district attorney, engaged again in the process of weighing the aggravating circumstances against the mitigating circumstances and specifically found that the aggravating ones outweighed the mitigating ones and then selected the upper term, there is nothing in the record to indicate that at that time it did not continue to incorrectly believe the law mandated it exercise its discretion only to impose the upper term, leaving it no discretion to consider and choose the middle term.

Accordingly, we must conclude the court failed to exercise its discretion in that regard so that the sentence must be set aside.

### DISPOSITION

The sentence is vacated and the case is remanded for resentencing in accordance with this opinion; in all other respects the judgment is affirmed for the reasons set forth in the nonpublished appendix.

Kaufman, Acting P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied December 2, 1983, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied January 19, 1984. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.