Filed 11/20/20  P. v. Mateos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C085250 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20150007171) |
| v. | |
| JUAN MATEOS, JR., | |
| Defendant and Appellant. | |

Defendant Juan Mateos, Jr., asks us to remand to provide the trial court an opportunity to strike his firearm enhancement under Senate Bill No. 620 (SB 620).  He also asks that as part of a remand, we permit the trial court to exercise its discretion to allow him to supplement the record with evidence relevant to striking the enhancement and his eventual youthful offender parole hearing.  We affirm the judgment but remand for resentencing on the firearm enhancements.

FACTS AND PROCEEDINGS

Because this appeal concerns only defendant's sentence, we need not recite the facts in detail.  Defendant and his girlfriend were living in a homeless encampment.

1

Their relationship was abusive. The girlfriend announced she was moving, and she began moving her belongings with the help of another male, the victim.

Defendant and the victim fought. The victim verbally threatened to kill defendant. Defendant asked a friend to bring him a weapon. The friend brought a loaded, sawed-off shotgun. When defendant next saw the victim, he aimed the gun at the victim's head and fired. The victim ducked behind a pillar and the shot missed.

A jury found defendant guilty of attempted premediated murder and found true allegations that he purposely used a firearm. (Pen. Code, §§ 187, subd. (a); 664; 12022.5, subd. (a); 12022.53, subds. (b), (c).) (Subsequent references to statutes are to the Penal Code unless noted otherwise.)

The trial court sentenced defendant to a mandatory prison term of life with the possibility of parole, plus a mandatory 20 years for the firearm enhancement under section 12022.53, subdivision (c). The court imposed and stayed the upper term of 10-years for the enhancement under section 12022.5, subdivision (a), and another 10 years for the enhancement under 12022.53, subdivision (b).

## DISCUSSION

### I

### *SB 620*

Defendant asks us to remand so the trial court may consider striking his firearm enhancements under SB 620. The Attorney General claims remand is not necessary because the trial court clearly indicated at sentencing it would not have stricken the enhancement if it had the discretion to do so. We disagree with the Attorney General and will remand.

At the time the court imposed defendant's sentence, the firearm enhancements were mandatory. (Former § 12022.53, subds. (g), (h); former § 12022.5, subd. (c).) But in 2018, the Legislature enacted SB 620, which gave the trial court discretion to strike or

dismiss the enhancements in the interest of justice.  (§§ 12022.5, subd. (c); 12022.5, subd. (h); Stats. 2017, ch. 682, §§ 1, 2.)  SB 620 applies retroactively to defendant because his case was not final at the time the law went into effect and is not final yet.  (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091 (*Woods*).)

"Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.  (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, fn. 13; *People v. Myers* (1983) 148 Cal.App.3d 699, 704.)  Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion.  (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)"  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

However, we need not remand for resentencing if "the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken a firearm enhancement."  (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  "The trial court need not have specifically stated at sentencing it would not strike the enhancement if it had the discretion to do so.  Rather, we review the trial court's statements and sentencing decisions to infer what its intent would have been. (See *People v. McVey* (2018) 24 Cal.App.5th 405, 419 [no remand where, '[i]n light of the trial court's express consideration of the factors in aggravation and mitigation, its pointed comments on the record, and its deliberate choice of the highest possible term for the firearm enhancement, there appears no possibility that, if the case were remanded, the trial court would exercise its discretion to strike the enhancement altogether']; *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [case not remanded for resentencing even though court did not expressly state it would not have stricken a strike prior but indicated in statements and rulings that it would not exercise any discretion to reduce the sentence,

3

regardless of the particular enhancement at issue].)" (*People v. Jones* (2019) 32 Cal.App.5th 267, 273.)

The trial court did not expressly state it would impose the enhancement even if it had discretion not to impose it. But the Attorney General claims we can infer from the trial court's statements at sentencing that it would not exercise its discretion to strike the enhancement if we remanded.

Defendant's prison terms for the crime and the enhancement were mandatory, and thus the court did not discuss the exercise of any discretion in sentencing except to state that it imposed the upper term on the stayed enhancement under section 12022.5, subdivision (a). The court stated the factors in aggravation, and they far outweighed those in mitigation. The crime involved the threat of great bodily harm and disclosed a high degree of cruelty, viciousness, and callousness. The victim was unaware and taken by surprise. Defendant included others in participating in the crime, including calling someone else to bring a gun. He engaged in violent conduct indicating he was a serious danger to society. His prior convictions were of increasing seriousness. He was on probation at the time of the offense, and his performance on probation was unsatisfactory. Defendant has a drug problem, but he had failed to access the resources available to him while on probation to help him. When he shot at the victim, he missed only because the victim jumped behind a pillar.

Regarding mitigating factors, the court stated the crime was not a particularly sophisticated crime and was more a crime of passion. The defendant also was not in a position of trust with the victim.

After imposing the sentence, the court in a *Franklin* hearing (*People v. Franklin* (2016) 63 Cal.4th 261) noted other factors concerning defendant for purposes of an eventual youth offender parole hearing. (A *Franklin* hearing provides a youthful offender at sentencing an opportunity to make a record of information that will be relevant to his eventual youth offender parole hearing under section 3051. (*Woods,*

4

*supra*, 19 Cal.App.5th at pp. 1086-1087).) Defendant was 21 years old when he committed the offense. He testified at trial and admitted his part in the crime. He was unsophisticated in his testimony and explanations for his conduct, but the court believed he was trying to be truthful. The sentence was not a de facto life sentence due to defendant's age and the statutory juvenile parole hearing, "[s]o there is a lot of time period and there is a lot of room for this defendant to improve and rehabilitate." The court noted that juveniles are less culpable than adults and have more capacity to change, but defendant's crime was "a deliberate, premeditated and willful attempted murder." He acted out of jealousy and was the leader of the event.

These facts do not clearly indicate that the trial court would not have stricken the 20-year firearm enhancement imposed under section 12022.53, subdivision (c) if it had the discretion at sentencing to do so  Because the prison terms were mandatory, we cannot infer from them any indication that the court would have imposed a greater or lesser sentence if it had the discretion to do so. The court noted the seriousness of the crime and its aggravating circumstances, but it also recognized that defendant testified and confessed the crime, and he would have time to rehabilitate due to his age and the youth offender parole hearing. Defendant also confessed the crime at trial and tried to be truthful in his testimony. We cannot infer from these statements what the trial court would have done had SB 620 been in effect at the time of sentencing.

Because the record does not clearly indicate the trial court's intent, we shall remand the matter for the court to exercise its discretion under SB 620 to determine whether to strike defendant's firearm enhancements.

## II

### *Supplementing the Evidentiary Record*

Defendant requests that our disposition inform the trial court that on remand it has the discretion to permit defendant to supplement the record with additional evidence

relevant to the court's reconsideration of the firearm enhancements *and* defendant's eventual youth offender parole hearing. Defendant asserts he is not seeking a remand of his *Franklin* hearing, but he does want to have the ability on remand to add supplemental mitigating evidence to the record.

This request arises because defendant's trial counsel at the *Franklin* hearing did not seek to introduce a psychological report and other juvenile records prepared some years earlier that had concluded defendant was incompetent for purposes of a juvenile adjudication. At sentencing, defense counsel moved to suspend the proceedings on the ground defendant was mentally incompetent. In support of his motion, counsel sought judicial notice of a report by a Dr. Katz who years earlier had found defendant incompetent as a 14-year-old juvenile. The trial court did not take judicial notice of the report because it did not have authority to take judicial notice of the content of medical records in a juvenile file. The court ultimately denied the request for a competency hearing. But the court stated that defendant was not precluded from admitting the report to the court at the *Franklin* hearing subject to the rules of evidence. The court continued sentencing so that counsel could obtain the juvenile records.

At the *Franklin* hearing, however, defense counsel did not introduce the Katz report or any juvenile court records. Instead, he presented testimony and evidence from a different psychologist retained to determine defendant's mental capacity for purposes of the *Franklin* hearing. In addition to interviewing defendant, the psychologist had reviewed other materials from schools and other psychiatrists to help determine defendant's cognitive functioning. After the psychologist concluded her testimony, defense counsel stated he did not have other witnesses to put on. After pronouncing judgment, the court summarized the *Franklin* evidence on the record.

The Attorney General contends that defendant has forfeited his claim for another opportunity to submit *Franklin* evidence because when given the opportunity to do so at the *Franklin* hearing, defendant declined and he raised no objections to the court's

6

findings or the sentence. The Attorney General also claims the record shows that defendant had sufficient opportunity to introduce the kind of information relevant to a youth offender parole hearing, and in fact presented expert testimony to that effect which was in part based on past psychiatric reports. Alternatively, the Attorney General asserts that any error by the trial court was harmless. It is not reasonably probable that any additional information defendant would put on the record would result in a more favorable outcome at a future parole hearing.

In *Woods, supra*, 19 Cal.App.5th 1080, a panel of this court addressed this situation. In that case, we remanded so the trial court could exercise its new discretion under SB 620 to consider striking a firearm enhancement, but we also held that the defendant was not entitled to a remand for a new *Franklin* hearing because the trial court had given him a sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing. (*Id*. at p. 1089.) However, in a footnote, we stated that our denial of the *Franklin* hearing remand did not preclude the trial court on remand for the SB 620 hearing from supplementing the record at the defendant's request with evidence relevant to the youth offender parole hearing.

We stated: "Although we are remanding the case specifically to allow the trial court to exercise its discretion under the recent amendment to subdivision (h) of Penal Code section 12022.53, our determination that defendant is not entitled to remand under *Franklin* does not necessarily preclude the trial court from supplementing the record for purposes of defendant's eventual youth offender parole hearing, should defendant ask to do so and should the trial court determine that such supplementation would be appropriate. Indeed, it may well be that information offered to the trial court to assist in its determination of whether to exercise its discretion to strike the firearm enhancement will be the same sort of information that would be offered under a *Franklin* remand in any event. Accordingly, we leave it to the trial court in the first instance to decide what

additional information may be entered into the record on remand." (*Woods, supra,* 19 Cal.App.5th at p. 1091, fn. 3.)

In effect, defendant here wants us to remind the trial court that it has this discretion. We are confident, however, that defendant will remind the trial court of our ruling in *Woods*, and, as we did in *Woods*, we leave it to the trial court to decide in the first instance whether to exercise its discretion on the facts before it.

## DISPOSITION

The judgment is affirmed. The matter is remanded for the trial court to exercise its discretion under sections 12022.53, subdivision (h) and 12022.5, subdivision (c) as to whether to strike the firearm enhancements imposed on defendant under sections 12022.53 and 12022.5.


                                            _____

                                            HULL, Acting P. J.


We concur:


_____

MURRAY, J.


_____

RENNER, J.