Filed 6/1/21; certified for publication 6/22/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091339 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FER-2018-0003013) |
| v. | |
| YAMIN AMAHLI BONGANI EL, | |
| Defendant and Appellant. | |

Defendant Yamin Amahli Bongani El appeals the sentence imposed after a jury found him guilty of misdemeanor driving on a suspended license (Veh. Code, § 14601.1, subd. (a)). He contends the trial court: (1) failed to exercise its discretion in sentencing him to the maximum term in jail, as it believed such a term was mandatory when he declined probation; and (2) failed to articulate the fines and fees imposed. The People properly concede. We shall vacate the sentence, remand for resentencing, and otherwise affirm the judgment.

BACKGROUND

The substantive facts underlying defendant's conviction are not relevant to the issues on appeal and are therefore not recounted here.

The trial court indicated it intended to sentence defendant to three years' informal probation, with credit for nine days served. Defense counsel indicated defendant would not consent to a grant of probation. In response, the trial court stated, "So then he has to have the six months is the max. You have to have six months in jail if he's not going to consent to probation."

The trial court then indicated it would reduce the grant of informal probation to one year and continued, "[t]his is not negotiable at this point, this is sentencing. So he can either take no fine, because he's got credit and one year informal probation with obey all laws, don't commit a same or similar offense. Or if he wants to reject probation, then six months in jail . . . ." After consulting with defendant, counsel again stated defendant would not consent to probation. Defense counsel also asked the court to exercise its discretion to impose a sentence of less than six months. The People indicated they understood that if defendant did not accept probation, the trial court was required to sentence him to the maximum term. The trial court agreed with the People's statement of the law. As to fines and fees, the trial court's only statement prior to sentencing was it had looked at "$125 a day, he has 9 days, he would have done 11, 25 on the fine and the range is between 829 to 1,409."

The trial court then imposed sentence. "So what I'm going to do, because he's rejecting probation and I would have given him one year probation and some conditions, I won't impose any conditions and I'll just order him to serve six months in county jail and he can have credit for the nine days against the sentence, I'll do that, and I'll suspend the fine." Pursuant to defense counsel's request, the sentence was stayed for 180 days, pending appeal. The minute order reflects imposition of a $1,409 fine, suspended; a $150

2

restitution fine plus a $15 surcharge; a $150 probation revocation fine, suspended unless probation is revoked; a $4 fee; a $30 conviction assessment; and $40 security fee.

DISCUSSION

I

*Imposition of Maximum Term*

Defendant contends the trial court abused its discretion in sentencing him to the maximum term, in that it failed to exercise its discretion mistakenly believing that six months in county jail was the mandatory term when defendant declined probation. The People properly concede this claim.

Vehicle Code section 14601.1 provides that upon a first conviction for violating the section and driving on a suspended license, the person shall be punished "by imprisonment in the county jail *for not more than six months* or by a fine of not less than three hundred dollars ($300) or more than one thousand dollars ($1,000), or by both that fine and imprisonment." (Veh. Code, § 14601.1, subd. (b)(1), italics added.) The plain language of the statute sets a maximum term. It does not require imposition of that term. A defendant has the right to refuse probation and simply choose to serve the sentence. (*People v. Moran* (2016) 1 Cal.5th 398, 403.) Like the People, we cannot find any authority which requires imposition of a maximum term where a defendant exercises that right.

" 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal. [Citations.]' [Citation.] Where . . . a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination. [Citations.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.) "Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary

3

authority cannot exercise its informed discretion.  [Citation.]" (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

The trial court clearly indicated repeatedly at the sentencing hearing that it believed it did not have discretion to impose any sentence other than the maximum six-month term.  Since the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, fn. 13; *People v. Myers* (1983) 148 Cal.App.3d 699, 704.)

II

*Imposition of Fines and Fees*

Defendant contends the fines and fees reflected on the minute order were not ordered by the trial court.  The People agree the trial court's oral pronouncement of judgment does not include these fines and fees, and the matter must be remanded.

The oral imposition of sentence constitutes the judgment in an action, and the minutes cannot add anything substantive to the oral pronouncement.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 387-389.)  Generally, the oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court.  (*Zackery*, at pp. 385-390.)  "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment.  [Citation.]  . . . [T]he clerk's minutes must accurately reflect what occurred at the [sentencing] hearing." (*Id.* at pp. 387-388.)  If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment.  (*Id*. at pp. 387-389.)  The trial court was required to impose a restitution fine under Penal Code section 1202.4, a $30 criminal conviction assessment under Government Code section 70373, and a $40 court

4

operations assessment under Penal Code section 1465.8, but did not do so.  (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.)  Accordingly, we will remand the matter to the trial court to delineate any fines and fees imposed, and their statutory bases.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing consistent with this opinion.  Upon resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


                                        /s/
                              RAYE, P. J.



We concur:



        /s/
HOCH, J.



        /s/
KRAUSE, J.


5

Filed 6/22/21

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>  v.<br><br>YAMIN AMAHLI BONGANI EL,<br><br>        Defendant and Appellant. | C091339<br><br>(Super. Ct. No. STK-CR-FER-2018-0003013)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

APPEAL from a judgment of the Superior Court of San Joaquin County, Linda L. Lofthus, Judge. Remanded for resentencing and otherwise affirmed.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Michael P. Farrell, Assistant Attorneys General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed June 1, 2021, was not certified for publication in the Official Reports. For good cause it appears now that the opinion should be published in the Official Reports and it is so ordered.


BY THE COURT:


_____/s/_____
RAYE, P. J.


_____/s/_____
HOCH, J.


_____/s/_____
KRAUSE, J.