Filed 7/31/25  P. v. Alas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337592 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA130332) |
| v. | |
| WILFREDO SIMEON ALAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio Delgado, Judge. Reversed and remanded for resentencing.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After a jury found Wilfredo Simeon Alas guilty of two sex crimes, the trial court sentenced him on the rape count to the midterm of six years. As to the sexual battery count, it sentenced him to one-third the midterm, or one year, and ordered that it be served consecutively, for a total of seven years. Because we conclude the trial court misunderstood the scope of its sentencing discretion and did not make necessary findings, we reverse and remand for full resentencing. We reject the argument in the alternative that Alas was entitled to have findings as to consecutive sentencing determined by a jury beyond a reasonable doubt.

## PROCEDURAL HISTORY

A jury found Alas guilty of two felonies, one count of rape by use of alcohol (Pen. Code[1], § 261, subd. (a)(3); count 1), and a second count of sexual battery by restraint (§ 243.4, subd. (a); count 2). Two aggravating sentencing factors were specially alleged as to each count: that the offenses indicated "planning, sophistication, and professionalism," and that Alas's prior convictions are "numerous or of increasing seriousness." (Cal. Rules of Court, rule 4.421(a)(8) & (b)(2).) After Alas elected to proceed by way of a bench trial as to these allegations, the trial court found both factors true beyond a reasonable doubt.

At the sentencing hearing, Alas's counsel confirmed he was seeking the low term under section 1170, arguing that Alas had experienced "psychological physical or childhood trauma" under section 1170, subdivision (b)(6)(A). The prosecution sought "a full, separate, and consecutive term" under section 667.6, subdivision (c) (section 667.6(c)).

---

[1] All further undesignated statutory references are to the Penal Code.

The trial court initially indicated it would sentence Alas as follows: count 1 as the base term, with the midterm of six years[2] to be served in state prison, and count 2 with the midterm of three years in state prison, but stayed pursuant to section 654.

The prosecutor immediately interjected that the two counts were for different conduct: count 2 was not based on the same conduct as the rape, but rather the sucking of the victim's breast. After some colloquy, the trial court requested the prosecution provide authority for its argument that even though the verdict form did not specifically detail the conduct on which count 2 was based, closing argument to the jury would suffice to allow count 2 to be sentenced as different conduct.

After a short recess, the trial court stated: "It was brought to the court's attention by the People that [Alas], count 2, 243.4(a) must be sentenced consecutively to count 1. People provided the court the case of the *People v. Melhado*, 60 Cal.App.4th, 1529, that deals with the proposition that although the court did not give unanimity instructions, People can argue certain set of facts to prove that element or to prove that then happened separately from the underlying offense. . . . [¶] . . .[¶] . . . In this case People have corrected the court and perhaps the court should have unanimity. But the People did comply with the law as presently presented under *Melhado*. The People are correct."

Alas's counsel objected that "the People did not present this to the jury," and the prosecutor responded that the transcript of

---

[2]    The crime of rape is punishable by a determinate sentence of three, six, or eight years (§ 264, subd. (a)), and the sentence for sexual battery by restraint is two, three, or four years (§ 243.4, subd. (a)).

the trial and in closing argument to the jury, "it was clearly stated that count [2] was clearly relying upon the sexual battery as it occurred when he sucked her breast," as distinct from the rape.

The trial court then changed the sentence on count 2 to "the mid-term of three years, one-third the mid-term of that is one year, and that will be consecutively for a total of seven years" to be served in state prison.

This timely appeal followed.

## STATEMENT OF FACTS

This case arose out of events taking place at a Halloween party at Alas's home in 2021.[3] F.R., aged 23 at the time of the incident, arrived at the party along with her brother and some friends. F.R. described Alas as being very "touchy" during the party, pulling her toward him. F.R. consumed "a lot" of alcohol, enough to "get [her] drunk." At some point, F.R. threw up. Alas eventually led her to his son's bedroom to rest (his son was not at the house). Once they got there, he kissed her on the lips, but she did not kiss him back. She told him "no" multiple times. She blacked out, and the next thing she recalled was feeling the penetration of his penis inside her vagina while he was on top of her. She felt pain and went numb. She blacked out again and when she awoke, one of her friends was present. She told her friend that Alas had raped her. At that point, her friends helped her out of the house and into a truck. Alas denied that he had done anything to her.

After F.R. reported the rape, a Los Angeles County Sheriff's Department detective had a recorded interview with Alas.

---

[3]    Our recitation of the facts is limited to those facts necessary to decide this appeal.

4

Portions of the recording were played for the jury, including a portion in which he stated he had sex with F.R. twice. At other points in the same recording he denied he had had sex with her, but he told the detective that "the whole night we're kissing . . . everybody saw that," her mouth had been on his penis, and he "sucked on her titties."

Alas testified in his own defense. He denied he had ever had sex with F.R. and claimed that after he dropped off F.R. in his son's room, he never went back into that room. He testified they had kissed well before she went to the bedroom, the first time being when he was walking into his room and F.R. was waiting in line to go into the bathroom. He also testified they kissed in the hallway. He maintained that when they kissed, it had been consensual. He recalled later that night being accused of "do[ing] something to her," and in response to a comment by F.R. about having a baby he said, "If it was my child I would take care of it, but there is no way this is my child." He also claimed to have been drunk and not to have slept well when he was interviewed by the detective.

## DISCUSSION

### I.    Standard of Review

A defendant is "entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 (*Belmontes*).) " 'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material part of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

The appropriate remedy when a trial court is not aware of the full scope of its discretion is to remand for resentencing unless the record clearly indicates that the trial court would have reached the same conclusion even if it had been aware that it had such discretion. (*People v. Lynch* (2024) 16 Cal.5th 730, 771; *People v. Myers* (1983) 148 Cal.App.3d 699, 704.)

## II.     The Relevant Sentencing Schemes

Two separate sentencing schemes are potentially applicable to this case and to the trial court's decision to impose consecutive sentences upon Alas. The traditional framework is provided by sections 1170.1 and 654. "Under section 1170.1, which is part of the determinate sentencing law, a court imposing two or more felonies is required to impose an 'aggregate term of imprisonment for all these convictions,' which is the sum of the 'principal term,' the 'subordinate term[s],' and any enhancements. . . . The principal term 'shall consist of the greatest term of imprisonment imposed by the court for any of the crimes.' . . . The subordinate terms 'shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed,' plus one-third of any applicable enhancements." (*People v. Catarino* (2023) 14 Cal.5th 748, 752, citations omitted (*Catarino*).)

A significant limitation is placed on the trial court's discretion, however, by section 654, subdivision (a). That statute provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (*Ibid.*) That statute, first enacted in 1872, limits the *punishment* for multiple convictions based on the same conduct, but not the ability to

6

obtain multiple convictions in the first place. (*People v. Jones* (2012) 54 Cal.4th 350, 353 [proper procedure where there are multiple convictions for the same act is to sentence the defendant for each count and stay execution of sentence on those convictions to which § 654 is applicable].) " 'Its protection has been extended to cases in which there are several offenses committed during "a course of conduct deemed to be indivisible in time." ' " (*People v. Hicks* (1993) 6 Cal.4th 784, 789; see also *People v. Corpening* (2016) 2 Cal.5th 307, 311.)

Rule 4.424 of the California Rules of Court provides that "[b]efore determining whether to impose either concurrent or consecutive sentences . . . , the court must determine whether the proscription in section 654 against multiple punishments for the same act or omission requires a stay of execution of the sentence imposed on some of the counts." (*Ibid.*)

While sections 1170.1 and 654 provide the traditional determinate sentencing framework for the potential imposition of a consecutive sentence, another statute provides an alternative sentencing framework for certain sex offenses, including those at issue here. First, under section 667.6(c), "a full, separate, and consecutive term *may* be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion." (*Ibid.,* italics added.) Second, under section 667.6, subdivision (d), if the trial court finds that multiple sex offenses carrying determinate terms involved separate victims, or the same victim on separate occasions, "[a] full, separate, and consecutive term *shall* be imposed for each violation." (§ 667.6, subd. (d)(1), italics added.) Only section 667.6(c), involving a discretionary decision by the trial

court for crimes against the same victim on the same occasion, is at issue here.

A trial court has discretion to choose between the traditional sentencing framework described by sections 1170.1 and 654, or the alternative sentencing framework described by section 667.6(c). (*Belmontes, supra*, 34 Cal.3d at p. 345.)

### III. The Trial Court Misunderstood the Scope of Its Discretion

Both parties agree that the trial court's ruling did not follow the law, but for different reasons. Alas argues that when the trial court chose to impose sentencing under the framework of section 1170.1, it failed to consider whether the offenses constituted a continuing course of conduct, as is required under section 654. According to Alas, the evidence supports his argument that the conduct which led to the convictions for rape and sexual battery were part of a continuous course of conduct, subject to section 654's proscription against separate punishments. He requests that we either modify the judgment by directing that the sentence on count 2 be stayed pursuant to section 654, or at minimum, remand the matter with directions to the trial court to "complete its 654 analysis" as to whether the offenses on which Alas was convicted were a continuing course of conduct precluding a consecutive sentence.

The People support remand for a different reason. They agree the trial court did not clearly state whether Alas's convictions constituted an indivisible course of conduct. But they also contend the trial court's oral pronouncement of sentence was "unclear," and that the record demonstrates the trial court misunderstood its discretion to choose between the two different sentencing schemes. They ask us to remand to allow the trial

8

court to exercise its sentencing discretion because it is unclear whether the trial court understood it could sentence Alas to a full consecutive sentence under section 667.6(c).

Neither the trial court's oral ruling nor the minute order states which sentencing scheme the court selected; but both parties agree the sentence in fact reflects the framework of section 1170.1 (i.e., the court selected one-third the midterm for count 2, to be served consecutively). However, it could also reflect a decision by the trial court to impose a partial consecutive term under section 667.6(c). (See *People v. Reynolds* (1984) 154 Cal.App.3d 796, 811 [trial court has discretion to impose either full or partial consecutive terms under § 667.6(c)].)

During the argument and colloquy after the initial sentence of a *concurrent* full midterm, the record shows additional confusion. Specifically, the trial court stated at one point its belief count 2 "*must* be sentenced consecutively to count 1." (Italics added.) And rather than discuss section 654 or the relevant factual analysis as to whether the two counts were based on a single act or a continuous course of conduct, as required by applicable law, the court claimed the consecutive sentence was required by the case cited by the prosecutor, *People v. Melhado* (1998) 60 Cal.App.4th 1529 (*Melhado*).

However, *Melhado* is unrelated to the trial court's obligation to determine at *sentencing* whether the conduct for which the defendant is convicted is part of a continuous course of conduct.[4] Here, the trial court appears to have concluded that

---

[4] We understand the *Melhado* opinion was located and provided to the trial court during a rushed, brief recess in the proceedings, but it had no application to the sentencing issues at hand. In *Melhado*, a verdict against the defendant was reversed

because the prosecution argued in closing argument to the jury there was different conduct for the sexual battery charge than for the rape charge, the court was required to find that the sentences could not be concurrent. But it is up to the trial court to decide whether the conduct either (1) was based on the same act or omission, including the same course of conduct, if it chose the section 1170.1 framework, or (2) involved the same victim and occasion, if it chose the section 667.6(c) framework. And importantly, neither framework (unlike § 667.6, subd. (d)) *requires* a consecutive sentence. Under both sections 1170.1 and 667.6(c), a consecutive sentence is discretionary. (*Catarino, supra*, 14 Cal.5th at p. 753.)

We thus agree with the parties that the trial court's ruling demonstrates it misunderstood the scope of its discretion because it erroneously assumed the prosecutor's argument to the jury required it to impose a consecutive sentence. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 [" 'the defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion" ' "].) The trial court had

---

and the case remanded for retrial where the prosecution did not inform the jury which act among several it elected to rely on for a particular charge, and the trial court failed to instruct the jury that it had to unanimously agree the defendant committed the same specific criminal act. (*Melhado, supra*, 60 Cal.App.4th at pp. 1534–1535.) In fact, the *Melhado* court held it was insufficient to rely on the implications of the prosecutor's argument, where the jury was neither "instructed on unanimity [n]or informed that the prosecution had elected to seek conviction *only* for the 11 a.m. event, so that a finding of guilt could only be returned if each juror agreed that the crime was committed at that time." (*Id.* at p. 1536.)

to first decide whether to sentence within the framework of sections 1170.1 and 654 on one hand or section 667.6(c) on the other. Each framework has its own applicable body of law on how to establish those critical issues. But in either case, the trial court must make the findings that could potentially lead to a consecutive sentence. (Cal. Rules of Court, rule 4.425.)

IV.     ***Erlinger* Does Not Provide a Basis for This Court to Deviate from the Ruling in *Ice* and *Catarino***

Alas argues in the alternative that his consecutive one-year sentence on count 2 should be vacated and the matter remanded for a jury determination as to whether his offenses were committed during a single course of conduct beyond a reasonable doubt. He argues that a recent decision by the United States Supreme Court, *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), calls into question other precedents, notably *Oregon v. Ice* (2009) 555 U.S. 160 (*Ice*) and *Catarino,* raising the issue with us to preserve it for subsequent review. We are not persuaded.

The Sixth Amendment to the United States Constitution protects the right of a criminal defendant to trial by jury, and under the Fourteenth Amendment, this protection extends to state criminal proceedings. (*Catarino, supra,* 14 Cal.5th at p. 754.) Among the protections in the jury trial guarantee are the rights to have every element of the crime found by a jury, beyond a reasonable doubt. (*Ibid.*) In *Apprendi v. New Jersey* (2000) 530 U.S. 466, 478, the Supreme Court explained that the jury trial protection also extends to factfinding in the context of sentencing. Accordingly, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.)

Both *Ice* and *Catarino* have flatly rejected the application of *Apprendi* and its progeny to the area of consecutive sentencing. As reasoned in *Ice*, the scope of the jury trial guarantee is rooted in the historic jury function, whereas the decision whether to impose a consecutive, in lieu of a concurrent, sentence, is a sentencing function in which the jury has traditionally played no part. (*Ice, supra,* 555 U.S. at p. 163.) The common law tradition was to "entrust to judges' unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently." (*Ibid.*) Indeed, "historically, 'a judge's imposition of consecutive, rather than concurrent, sentences was the prevailing practice,' and . . . state statutes making concurrent sentencing the rule and consecutive sentencing the exception represent 'modern . . . statutory protections meant to temper the harshness of the historical practice.' " (*Catarino, supra,* 14 Cal.5th at p. 756.)

*Erlinger* does not address the decision to impose a consecutive sentence. Rather, it focuses on whether a particular sentencing enhancement under the Armed Career Criminal Act that required a court to decide if a defendant's past offenses were committed on separate occasions using a preponderance of the evidence standard instead required a jury to make that finding beyond a reasonable doubt. (*Erlinger, supra*, 602 U.S. at p. 825.) Applying *Apprendi* and a subsequent case, the Supreme Court found the Sixth Amendment demanded a jury's determination of facts to support that enhancement. (*Erlinger,* at pp. 834–835.) As it did not address either consecutive sentencing or *Ice*, it does not undermine that precedent; at least, not until a court higher than this one says so. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

12

Similarly, we authorized supplemental briefing on the applicability of the California Supreme Court's decision in *People v. Wiley* (2025) 17 Cal.5th 1069. After reviewing that case and both parties' supplemental briefs, we agree with the People that *Wiley* does not extend the Sixth Amendment's jury trial right to factfinding relating to consecutive sentencing decisions. In *Wiley*, the California Supreme Court held that the trial court violated the defendant's jury trial right by adjudicating facts relating to his prior convictions and improperly relying on its conclusions to choose to impose an *upper term* sentence. (*Wiley,* at p. 1076.) As with *Erlinger, Wiley* does not mention consecutive sentencing, *Ice*, or *Catarino*, and does not justify any departure from those directly applicable authorities.

## V. The Proper Remedy Is Remand

The proper remedy here is remand. First, although neither party raised the issue, section 1170, subdivision (c) requires that "[t]he court shall state the reasons for its sentence choice on the record at the time of sentencing." (*Ibid.*) This applies equally to the choice whether to apply section 667.6(c) and to the choice to impose a consecutive sentence. (*Belmontes, supra,* 34 Cal.3d at p. 347; Cal. Rules of Court, rule 4.406(b)(4) & (5).) It is also required should the trial court choose to impose a full consecutive term under section 667.6(c). (See *People v. Reynolds* (1984) 154 Cal.App.3d 796, 811.) Here, the trial court did not articulate which framework it had selected, nor whether the conduct alleged here met the requirements for consecutive sentencing under section 654 or section 667.6(c). Alas is entitled to understand the basis for any consecutive sentence in his case.

We do not agree with Alas's argument, emphasized in his reply brief, that the proper remedy here is to set aside the trial

13

court's consecutive sentencing order and direct it to stay the sentence on count 2. Because the trial court misapplied the sentencing rules for crimes subject to different sentencing schemes, upon remand, the trial court has "the opportunity to revise all of its discretionary sentencing choices." (*People v. Neely* (2009) 176 Cal.App.4th 787, 799–800.)

Upon remand, the trial court must first exercise its discretion to select and clearly identify the sentencing framework it adopts. (See *People v. Lee* (2017) 16 Cal.App.5th 861, 875 ["Because we conclude the trial court misunderstood the scope of its discretion in this regard, we remand to give the trial court the opportunity to decide, in its discretion, whether to reduce any of the convictions to misdemeanors."].) Both parties can then argue to the court what findings should be made in favor or against imposition of a consecutive sentence. If the trial court adopts the sections 1170.1 and 654 framework, it must determine if the two crimes were part of an indivisible course of conduct. Finally, if the trial court concludes it has the discretion to impose a consecutive sentence under the sentencing framework it selected, it must determine whether a consecutive sentence is appropriate in this case.

We remand this matter for the trial court to consider in the first instance which sentencing scheme to adopt and whether to impose the sentences consecutively under applicable law. We express no opinion on how the court should exercise that discretion.

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court with directions to exercise its discretion whether to sentence pursuant to section 1170.1 or section 667.6(c), to make

further appropriate findings according to the chosen framework, and to thereafter resentence Alas. The trial court is directed to set forth a statement of reasons. (§ 1170, subd. (c); Cal. Rules of Court, rule 4.406(b)(4) & (5).) The trial court is further directed to forward certified copies of relevant documents to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.


RICHARDSON, J.

WE CONCUR:


ASHMANN-GERST, Acting P. J.


CHAVEZ, J.

15